IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WESLEY J. WINTERS,

                                                                                                        ORDER

                      Plaintiff,

                                                                                                     09-cv-50-bbc

      v.

WILLIAM POLLARD, Warden;
JOHN BETT, Division of Adult Institutions Administrator,
RICHARD RAEMISCH, Secretary of D.A.T.,
PETER ERICKSEN, Security Director GBCI,
Lieutenant WILLIAM SWIEKATOWSKI,
SARAH COOPER, Unit Manager, Segregation,
KEVIN KALLAS, Mental Health Director,
PAUL HITT, Kitchen Supervisor GBCU,
MICHAEL BAENEN, Deputy Warden,
Inmate Complaint Examiners MICHAEL MOHR,
CATHERINE FRANCOIS, DIANE LONGSINE,
Corrections Complaint Examiner, WELCOME ROSE,
AMY SMITH, Office of the Secretary,
Corrections Complaint Examiner TOM GOZINSKE,
RN JEAN LUTSEY, DR. RICHARD HEIDORN and
Health Service Manager JEANNANE ZWIERS,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Wesley Winters has submitted a proposed complaint and paid the full filing fee. Because he is a prisoner, I am required under the 1996 Prison Litigation Reform Act

1

to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. Having reviewed the complaint, I conclude that it fails to give defendants proper notice of their involvement in the alleged violations of plaintiff's rights.

Plaintiff's complaint has multiple problems. The first is that it fails to comply with Fed. R. Civ. P. 8, which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Part of the requirement of Rule 8 is to give each defendant notice of the claim. EEOC v. Concentra Health Services, Inc., 469 F.3d 773, 776 (7th Cir. 2007) ("[T]he complaint must describe the claim in sufficient detail to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.") Although plaintiff is suing 18 defendants, most of them are not mentioned in the body of the complaint. Further, with respect to most of the nearly 30 claims plaintiff has enumerated in his complaint, he identifies *no* defendant who is responsible for the alleged violation of his rights.

A second Rule 8 problem is that many of plaintiff's allegations are so vague that it is impossible to tell whether he may state a claim upon which relief may be granted. For example, he alleges that prisoners in segregation do not get "adequate clothing," but he does not say what clothing he receives or in what way the clothing he receives is inadequate. In

2

another claim, plaintiff alleges that he doesn't "receive all of [his] incoming mail." However, he does not say what mail is missing, how often it occurs, whether it is a delay in receiving his mail or an outright denial, whether it is being withheld intentionally or negligently or any other circumstances surrounding the problem. If plaintiff does not describe the problem he is having (and who he believes is responsible and why), defendants will be unable to respond to his allegations.

Another problem in some of plaintiff's allegations relates to the doctrine of standing, which limits a plaintiff's claims to those involving conduct that has harmed him personally. Laskowski v. Spellings, 546 F.3d 822, 825 (7th Cir. 2008) ("The general rule is that a plaintiff has standing to sue only for injuries to his own interests that can be remedied by a court order.") For example, plaintiff alleges: "Psychological services are not adequate. There is no type of confidentiality, no counseling or therapy, and no programs in GBCI segregation for mentally ill inmates who have to spend years in segregation." Again, this allegation is too vague because plaintiff does not describe the services that *are* available, explain how confidentiality is lacking or identify the "programs" he believes the prison should have. Even more important, he does not say that *he* suffers from a mental health condition that would require him to need particular mental health treatment or that any of the defendants were aware that he needed such treatment and refused to provide it. Plaintiff may not sue to enforce the rights of other prisoners. If his allegations do not suggest that

3

his own rights are being violated, he may not proceed on a claim.

Plaintiff may have until February 25, 2009 to file an amended complaint that complies with Rule 8. Someone reading the complaint should be able to answer the following questions with respect to *each claim*:

- What are the *facts* that form the basis for plaintiff's claims? (It is not enough for plaintiff to allege that something is "inadequate"; he must describe how it is inadequate and why it is so inadequate that it violates his rights.)
- What did each defendant do that makes him or her liable for violating plaintiff's rights?
- How was plaintiff injured by a particular defendant's conduct?

If any of plaintiff's claims fail to comply with Rule 8, the complaint will be dismissed as to that claim.

When redrafting his complaint, plaintiff must be mindful of Fed. R. Civ. P. 20 as well. Plaintiff enumerates 29 separate claims in his lawsuit that appear to cover almost every aspect of his confinement, ranging from unsanitary conditions to fire safety to the adequacy of the law library. However, Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of

4

transactions or occurrences and presents questions of law or fact common to all. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure), which means that the core set of allowable defendants must be determined under Rule 20 before a plaintiff may join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant outside the group identified under Rule 20 .

For example, a plaintiff could have one lawsuit for breach of contract against defendants Smith, Johnson, Wilson and Garcia and an unrelated lawsuit for personal injury against defendants Smith, Johnson and Brown. If the plaintiff wanted to proceed with both claims in the same lawsuit under Rules 18 and 20, he would have to dismiss Wilson and Garcia from the first lawsuit or he would have to dismiss Brown from the second lawsuit. In this way, the same "core" of defendants (Smith and Johnson) is common to both claims.

If plaintiff submits an amended complaint that violates Rule 20, the court will sever the complaint into separate lawsuits as required. If plaintiff wishes to continue with more

5

than one lawsuit, he will have to pay a separate filing fee for each lawsuit.

## ORDER

IT IS ORDERED that plaintiff Wesley Winters's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until February 25, 2009, to file an amended complaint that complies with Fed. R. Civ. P. 8 and Fed. R. Civ. P. 20. If plaintiff does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 11th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6